UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAINE ANTON CRAWLEY, | Case No. 3:24-cv-00252-ART-CLB |
| Petitioner, | ORDER |
| v. | |
| NETHANJAH BREITENBACH, *et al.*, | |
| Respondents. | |

This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Daine Anton Crawley, an individual incarcerated at Nevada's Lovelock Correctional Center. On June 13, 2024, the Court received from Crawley an Application to Proceed *in Forma Pauperis* (ECF No. 1), a *pro se* Petition for Writ of Habeas Corpus (ECF No. 1-1) and two Motions for Appointment of Counsel (ECF Nos. 1-2, 1-3).

The information provided by Crawley in the Application to Proceed *in Forma Pauperis* (ECF No. 1) shows that he is able to pay the filing fee for this action. The Court will, therefore, deny the application. However, the Court will not set a deadline for Crawley to pay the $5 filing fee, or file a new Application to Proceed *in Forma Pauperis*, until after appointed counsel appears for him.

Prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due process violations. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam). The court may, however, appoint counsel at any stage of the proceedings if the interests of justice so require. *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196. Crawley's filings indicate that this action may be complex and that Crawley will not be able to litigate this

action *pro se.* The Court finds that appointment of counsel is in the interests of justice. The Court will grant Crawley's Motions for Appointment of Counsel (ECF No. 1-2, 1-3).

The Court has examined Crawley's habeas petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and determines that it merits service upon the respondents. The Court will order the petition served upon the respondents, and will direct the respondents to appear, but will not require any further action on their part at this time.

It is therefore ordered that Petitioner's Application to Proceed *in Forma Pauperis* (ECF No. 1) is denied.

It is further ordered that the Clerk of the Court is directed to separately file the Petition for Writ of Habeas Corpus (ECF No. 1-1), and the Motions for Appointment of Counsel (ECF Nos. 1-2, 1-3).

It is further ordered that Petitioner's Motions for Appointment of Counsel (ECF Nos. 1-2, 1-3) are granted. The Federal Public Defender for the District of Nevada (FPD) is appointed to represent the petitioner. If the FPD is unable to represent the petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed. In either case, counsel will represent the petitioner in all federal court proceedings relating to this matter, unless allowed to withdraw.

It is further ordered that the Clerk of the Court is directed to electronically serve upon the FPD a copy of this order, together with a copy of the Petition for Writ of Habeas Corpus (ECF No. 1-1).

It is further ordered that the FPD will have 30 days from the date of this order to file a notice of appearance or to indicate to the Court its inability to represent the petitioner in this case.

It is further ordered that the Clerk of the Court is directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents and

to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the Attorney General only.

It is further ordered that the respondents will have 30 days from the date of this order to appear in this action. Respondents will not be required to respond to the habeas petition at this time.

DATED THIS 2nd day of August 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE