UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAINE ANTON CRAWLEY,

Petitioner,

v.

NETHANJAH BREITENBACH,

Respondent.

Case No. 3:24-cv-00252-ART-CLB

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

[ECF No. 35]

This counseled habeas matter comes before the Court on Respondent's motion to dismiss Petitioner Daine Anton Crawley's First-Amended Petition. (ECF No. 35.) Crawley opposed the motion, and Respondent replied. (ECF Nos. 41, 43.) For the reasons discussed below, the Court grants the motion in part, denies it in part, and instructs Respondent to file an answer.

## I. BACKGROUND

On April 7, 2020, the state court entered a Judgment of Conviction, following a guilty plea, convicting Crawley of carrying a concealed firearm or other deadly weapon. (ECF No. 22-7.) Crawley was sentenced to 84-to-240 months in prison under the habitual criminal statute. (*Id.*) Crawley appealed, and the Nevada Court of Appeals affirmed on March 19, 2021. (ECF No. 22-15.)

Crawley filed state habeas petitions on June 4, 2020, June 12, 2020, and March 18, 2021. (ECF No. 22-22.) The state court denied Crawley post-conviction relief, Crawley appealed, and the Nevada Court of Appeals reversed and remanded, instructing the state court to reconsider Crawley's pleadings and appoint replacement counsel. (*Id.*) Following the remand, the state court again denied Crawley post-conviction relief, and Crawley appealed. (ECF No. 22-31.) The Nevada Court of Appeals affirmed in part, reversed in part, and remanded the case to the state court to hold an evidentiary hearing on one of Crawley's

claims. (*Id.*) The state court held an evidentiary hearing and then denied Crawley's petition. (ECF No. 22-34.) Crawley did not appeal this decision.

In his First-Amended Petition, Crawley alleges that his trial counsel failed to (a) inform him of habitual exposure, rendering his plea involuntary and unknowing, (b) argue that it was unlawful to sentence him as a habitual criminal, (c) object to the absence of findings at sentencing, and (d) seek withdrawal of his guilty plea. (ECF No. 21.)

## II. DISCUSSION

Respondent argues that every claim in Crawley's First-Amended Petition is unexhausted. (ECF No. 35.) Crawley rebuts that the claims are technically exhausted but procedurally defaulted and that he can overcome the default under *Martinez*. (ECF No. 41.)

A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). Crawley would face several procedural bars if he were to return to state court. *See, e.g.*, Nev. Rev. Stat. §§ 34.726 & 34.810. Nevada has cause and prejudice and fundamental miscarriage of justice exceptions to its procedural bars, which are substantially the same as the federal standards. If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then that petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred." *Sandgathe*, 314 F.3d at 376. For that reason, the courts in this district have generally declined to find a claim subject to anticipatory procedural default unless the petitioner represents that he would be unable to establish cause and prejudice in a return to state court. In such a case, the claim would generally be subject to immediate dismissal as procedurally defaulted, as the petitioner would have conceded that he has no grounds for exception to the procedural default in federal court.

A different situation is presented, however, where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In *Martinez v. Ryan*, the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. 566 U.S. 1, 9 (2012). The Nevada Supreme Court does not recognize *Martinez* as cause to overcome a state procedural bar under Nevada state law. *Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014). Thus, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

Here, Crawley advances only *Martinez* as a basis for excusing the anticipatory default of his claims. (*See* ECF No. 41.) As such, the Court finds that grounds 1(a), 1(b), 1(c), and 1(d) are technically exhausted but procedurally defaulted. Turning to Crawley's ability to overcome these procedural defaults, Respondent contends that *Martinez* is not applicable for grounds 1(a) and 1(d). (ECF No. 43 at 4.)

In ground 1(a), Crawley alleges that his trial counsel failed to inform him of habitual exposure, rendering his plea involuntary and unknowing. (ECF No. 21 at 22.) Crawley raised this claim in his state habeas petition, and, following the denial of that petition, he appealed to the Nevada Court of Appeals. (ECF No. 22-31.) The Nevada Court of Appeals found that "this claim [was] not belied by the record" and "conclude[d] the district court erred by denying [it] without first conducting an evidentiary hearing." (*Id.* at 4.) Following an evidentiary hearing,

the state court again denied this claim. (ECF No. 22-34.) However, importantly, Crawley did not appeal this denial. Thus, the only argument Crawley can make is that his post-conviction appellate counsel was ineffective for failing to raise this claim on appeal. However, *Martinez* applies only to ineffective assistance in initial-review collateral proceedings and cannot supply cause where the alleged ineffective assistance was on appeal of a state habeas petition. *Martinez*, 566 U.S. at 16 ("The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings."). *Martinez* therefore cannot supply cause for the procedural default of ground 1(a), so ground 1(a) is dismissed as procedurally defaulted.

In ground 1(d), Crawley alleges that his trial counsel failed to seek withdrawal of his guilty plea based on his prior counsel's failure to advise about habitual criminal exposure. (ECF No. 21 at 36.) On appeal of the denial of Crawley's state habeas petition, the Nevada Court of Appeals explained that it "appear[ed]" that Crawley was arguing that "the district court erred by denying his claim that counsel was ineffective when attempting to withdraw his plea." (ECF No. 22-31 at 5.) The Nevada Court of Appeals declined to consider this argument because "Crawley's opening brief fail[ed] to provide this court with cogent argument or citation to relevant authority to support this claim." (*Id.*) Respondent contends that this refusal by the Nevada Court of Appeals to consider this ground is the result of Crawley's post-conviction appellate counsel, making *Martinez* inapplicable like ground 1(a). This Court disagrees. In his counseled state habeas supplemental brief, Crawley's post-conviction counsel included the following claim: "Crawley's plea was entered without effective assistance of counsel." (ECF No. 33-3 at 19.) Within this claim, Crawley's post-conviction counsel made the argument that prejudice ensued, in part, due to Crawley's counsel's failures regarding plea withdrawal. (*Id.* at 19–20.) This finding that the argument in ground 1(d) was not included as a claim for relief (but rather as an

argument in support of a different claim) is supported by Crawley's post-conviction appellate counsel's description of the argument as being "minor." (ECF No. 22-30 at 22.) Accordingly, because Crawley's post-conviction counsel failed to raise the argument in ground 1(d) as its own standalone claim, *Martinez* can supply the cause and prejudice to potentially overcome the procedural default of ground 1(d).

Because the analysis of cause and prejudice to overcome the procedural defaults of ground 1(b), 1(c), and 1(d) are necessarily intertwined with the merits of these grounds, this Court defers a determination of whether Crawley can overcome these procedural defaults until the time of merits determination.

## III. CONCLUSION

It is therefore ordered that Respondent's Motion to Dismiss (ECF No. 35) is granted in part and denied in part as follows: (1) ground 1(a) is dismissed as procedurally defaulted, (2) grounds 1(b), 1(c), and 1(d) are found to be technically exhausted but procedurally defaulted, and (3) the Court defers consideration of whether Crawley can overcome the procedural defaults of grounds 1(b), 1(c), and 1(d) until after the filing of an answer and reply in this action.

It is further ordered that Respondent file their answer to the First-Amended Petition within 60 days of the date of this Order. The remainder of the Scheduling Order (ECF No. 9) remains in effect.

DATED THIS 27th day of August 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE